IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TORRI DORSEY,
   Plaintiff,

              v.

UNITED PARCEL SERVICE, INC., *et al.*,
   Defendants.

Civil Action No.
1:24-cv-03281-SDG

## OPINION AND ORDER

This case is before the Court on the Final Report and Recommendation (R&R) of United States Magistrate Judge Justin S. Anand [ECF 31], which recommends that Defendant United Parcel Service, Inc.'s (UPS) motion for summary judgment [ECF 26] be granted, and that the claims against the remaining individual Defendants be dismissed based on failure of service and lack of personal jurisdiction. Plaintiff Torri Dorsey filed objections, and UPS filed a response. [ECFs 34, 35]. After careful consideration, Dorsey's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I.    APPLICABLE LEGAL STANDARD

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II.    DISCUSSION

The factual and procedural background of this case are fully set out in the R&R.[1] As a preliminary matter, undersigned notes that Dorsey's objections total 47 pages, which nearly doubles the 25 pages permitted by LR 72.1(E), NDGa. Nor

---

[1]    ECF 31, at 2–25. As the remainder of this Order suggests, herding this case through summary judgment was a Herculean labor undertaken by Judge Anand.

did Dorsey obtain prior permission to file objections exceeding the Local Rules'

page limits, as required by LR 72.1(E) as well as undersigned's Standing Order.[2]

Undersigned will therefore only consider the first 25 pages of Dorsey's objections.[3]

The first 11 pages of the objections contain a "Statement of Facts," none of

which are cited to the record. Pages 11 through 13 contain a discussion of the

summary judgment standard under Georgia procedural law, which is inapplicable

in federal court. Beginning on Page 14, Dorsey gets to the crux of her objections (at

least those in the first 25 pages), that the R&R improperly deemed certain facts in

UPS's statement of material facts admitted under LR 56.1, NDGa.

The rule provides that "[t]his Court will deem each of the movant's facts as

admitted unless the respondent: (i) directly refutes the movant's fact with concise

responses supported by specific citations to evidence (including page or

paragraph number); (ii) states a valid objection to the admissibility of the movant's

fact; or (iii) points out that the movant's citation does not support the movant's

fact or that the movant's fact is not material or otherwise has failed to comply with

the provisions set out in LR 56.1(B)(1)." *Id.*, LR 56.1(B)(2)(a)(2). Further, the Court

---

[2]   ECF 33, Section II.h.

[3]   *See id.* (non-compliant objections "may be stricken, absent a compelling and
      unanticipated reason"); *see also* LR 7.1(E), NDGa ("The Court, in its
      discretion, may decline to consider any motion or brief that fails to conform
      to the requirements of these rules.").

"will deem the movant's citations supportive of its facts unless the respondent specifically informs the Court to the contrary in the response." *Id.*, LR 56.1(B)(2)(a)(3). Critically here, "failure to comply with local rule 56.1 is not a mere technicality," as "[t]he rule is designed to help the court identify and organize the issues in the case." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). Dorsey's argument that the R&R erred in its analysis because the relevant evidence was available elsewhere in the record misses the point—the Local Rules require that the respondent file a response to the movant's statement of undisputed facts that individually addresses each of the movant's facts in order to "protect[ ] judicial resources by making the parties organize the evidence rather than leaving the burden upon the district judge." *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (internal quotation marks, alteration, and citation omitted).

With this in mind, undersigned turns to Dorsey's responses to UPS's undisputed facts, which are reproduced in her objections.[4] Dorsey objects to Fact Number 8 on the ground that it "is not a quote and is written for the purposes of argument." Because Fact Number 8 is a paraphrase of Dorsey's deposition testimony, and the fact is submitted in support of UPS's motion for summary

---

[4]   ECF 34, at 16–25. The facts at issue are numbered consistent with UPS's statement of undisputed facts and Dorsey's response thereto, *see* ECF 29-1, beginning on page 16 of her objections.

judgment, her objection is perhaps true by definition. However, undersigned has reviewed the cited testimony, and it does support this fact.[5] This objection is overruled.

Dorsey objects to the substance of Fact Number 15, citing to her deposition and paragraph 10 of her complaint. However, a generic citation to her deposition is not a "specific citation[ ] to evidence (including page or paragraph number)," as required by LR 56.1(B)(2)(a)(2), NDGa. Moreover, at summary judgment "[t]he non-movant must 'go beyond the pleadings,' to provide evidence and 'designate specific facts showing that there is a genuine issue for trial.'" *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1336 (11th Cir. 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, a bare citation to her deposition as a whole and one paragraph of the complaint is insufficient to avoid summary judgment. Accordingly, this objection is overruled. Dorsey's objection to Fact Number 22 is overruled for the same reasons.

Dorsey appears to object to Fact Number 39 as not being supported by the cited evidence. Fact Number 39 states that "[s]imilar to Plaintiff, a Caucasian male package car driver, 'Jesse,' was not paid his guaranteed eight (8) hours." The cited

---

[5]   ECF 26-3, at 63:17–21 ("[UPS:] I mean, is it fair to say that UPS is -- is -- puts significant energy into –- to tracking the data with respect to the package deliveries? [Dorsey:] For the most part, I believe, yes.").

deposition testimony—which Dorsey also quotes in her original response—acknowledges that "Jesse . . . sometimes wasn't guaranteed his eight,"[6] which Dorsey also alleges happened to her and several other women.[7] Fact Number 39 is supported by the cited testimony. This objection is overruled.

Dorsey objects to Fact Numbers 41, 42, and 44[8] as "argumentative" and hearsay. It is unclear how a fact submitted in support of summary judgment can be excluded as argumentative. Nor does Dorsey support her hearsay argument with any authority. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (declining to address "perfunctory and underdeveloped argument" not supported by legal authority). While "[t]he general rule is that *inadmissible* hearsay cannot be considered on a motion for summary judgment," *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (emphasis added), the Court "may consider a hearsay statement in passing on a motion for summary judgment if the statement

---

[6]    ECF 29-1, at 10–11 (quoting ECF 26-3, at 140:5–141:9).

[7]    *See* ECF 26-3, at 140:19–141:1 (Dorsey testified that "[a] route next to mine, a girl named Denise, she was never paid, I think, her pay -- her pay guarantee . . . . Teshira, a girl, she wasn't paid her guaranteed eight."); *see also* ECF 31, at 23 (noting that Dorsey alleged race and sex discrimination based on, among other things, not being paid her 8-hour guarantee).

[8]    Dorsey also argues that Fact Number 44 "do[es] not appear in the deposition," but this fact is cited to Jacqueline Borcherding's *declaration*. *See* ECF 26-14, ¶ 5.

could be reduced to admissible evidence at trial or reduced to admissible form," *id.* at 1293–94 (quoting *Macuba*, 193 F.3d at 1323). One way to reduce hearsay to admissible form "is to have the hearsay declarant testify directly to the matter at trial." *Id.* at 1294. Thus, even if the objected-to facts are hearsay, Dorsey has not shown that they are *inadmissible* hearsay, or that the deponent could not testify directly to the matter at trial. Accordingly, these objections are overruled.

Dorsey's objections to Fact Numbers 47 and 62 simply say that the facts are denied, without citation to evidence or any argument as to admissibility. These objections are overruled.

Dorsey objects to the substance of Fact Numbers 54, 57, 58, 61, and 64, offering her own alternative facts. However, none of these objections are supported by a citation to evidence. While her response to Fact Number 58 refers generally to "analysis" and the deposition of Omar Caesar, neither of those references could be reasonably construed as a "specific citation[ ] to evidence (including page or paragraph number)" as required by LR 56.1(B)(2)(a)(2), NDGa. These objections are overruled.

Undersigned has reviewed the remainder of the R&R for clear error and found none. In particular, undersigned notes that under Fed. R. Civ. P. 4(m), the Court can dismiss an action for failure to timely serve the defendant "on its own after notice to the plaintiff." The Eleventh Circuit has interpreted the Rule to require that "the plaintiff must be notified before the action is dismissed." *Cabrera v. CMG Dev. LLC*, 717 F. App'x 841, 844 (11th Cir. 2017). The R&R gave Dorsey notice of her failure to timely serve any defendant other than UPS, and Dorsey has not shown good cause for this failure or otherwise given the Court a reason to extend the time for service. *See id.* ("Notification is critical because if an action is in danger of being dismissed, the plaintiff is given an opportunity to explain the process defect to the court. At that point, the court is empowered to dismiss the action without prejudice or order that service be made within a specified time."). Accordingly, the remaining defendants are due to be dismissed.

## III.   CONCLUSION

Dorsey's objections to the R&R [ECF 34] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 31] as the Order of this Court. UPS's motion for summary judgment [ECF 26] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of UPS. The remaining defendants are **DISMISSED WITHOUT PREJUDICE** based on failure of service and lack of personal jurisdiction.

The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 31st day of March, 2026.

Steven D. Grimberg
United States District Judge